| | |
|---|---|
| MICHAEL E. MOLLAND (SB No. 111830) <br> DANIEL JOHNSON, JR. (SB No. 57409) <br> BRETT M. SCHUMAN (SB 189247) <br> MORGAN, LEWIS & BOCKIUS LLP <br> One Market, Spear Street Tower <br> San Francisco, CA  94105-1126 <br> Tel:  415.442.1000 <br> Fax:  415.442.1001 <br> E-mail:  mmolland@morganlewis.com <br> E-mail:  djjohnson@morganlewis.com <br> E-mail:  bschuman@morganlewis.com <br><br> MICHAEL J. LYONS (SB No. 202284) <br> MORGAN, LEWIS & BOCKIUS LLP <br> 2 Palo Alto Square <br> 3000 El Camino Real, Suite 700 <br> Palo Alto, CA  94306-2122 <br> Tel:  650.843.4000 <br> Fax:  650.843.4001 <br> E-mail:  mlyons@morganlewis.com <br><br> Attorneys for Plaintiff and Counterclaim-Defendant <br> NXP SEMICONDUCTORS USA, INC. | SAMUEL K. LU (SB No. 171969) <br> JONATHAN H. STEINBERG (SB No. 98044) <br> JASON G. SHEASBY (SB No. 205455) <br> C. MACLAIN WELLS (SB No. 221609) <br> STEPHEN LARSON (SB No. 240844) <br> ZACHARIAH SUMMERS (SB 255284) <br> IRELL & MANELLA LLP <br> 1800 Avenue of the Stars, Suite 900 <br> Los Angeles, California 90067-4276 <br> Telephone: (310) 277-1010 <br> Facsimile: (310) 203-7199 <br> E-mail: jsteinberg@irell.com <br> E-mail: slu@irell.com <br> E-mail: jsheasby@irell.com <br> E-mail: mwells@irell.com <br> E-mail: slarson@irell.com <br> E-mail: zsummers@irell.com <br><br> Attorneys for Defendants and Counterclaimants LSI CORPORATION and AGERE SYSTEMS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NXP SEMICONDUCTORS USA, INC., a Delaware corporation, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> LSI CORPORATION d/b/a LSI LOGIC CORPORATION, a Delaware corporation, and AGERE SYSTEMS, INC., a Delaware corporation, <br><br> Defendants and Counterclaimants. | CASE NO. C 08-05682 MMC <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## DEFINITIONS

<u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

<u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

<u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

<u>"Highly Confidential – Attorneys' Eyes Only – Technical" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and that are highly technical in nature. By way of example, highly technical information includes source code, manuals, specifications, schematics, diagrams, timing charts, test results, laboratory notebooks, comparisons, netlists, circuit diagrams and other depictions of specific circuitry, and other

analyses, that are more detailed, or contain further levels of detail, than the technical information provided in publicly available brochures, data sheets, user manuals, application notes, and other support documents. Highly technical information does not include sales and marketing information.

Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Highly Confidential — Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only – Technical."

Protected Material: any Disclosure or Discovery Material that is designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Attorneys' Eyes Only – Technical."

Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as their support staff.

In-House Counsel: attorneys who are employees of a Party.

Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21074694.9                    3              [PROPOSED] STIPULATED PROTECTIVE
                                                  ORDER, CASE NO. C 08-05682 MMC

SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

DESIGNATING PROTECTED MATERIAL

Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

Each Party or non-party that designates information or items for protection under this Order agrees that the Receiving Party/Parties may use the Protected Material in connection with this case for prosecuting, defending, or attempting to settle this litigation, pursuant to the terms of this Order.

Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21074694.9          4          [PROPOSED] STIPULATED PROTECTIVE
                                   ORDER, CASE NO. C 08-05682 MMC

with this Order requires:

<u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL," or a legend substantially similar, on each page that contains protected material where practical.  Where a designation on each page is not practical, the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL" shall be affixed to the first and last page of the document, or some other reasonable manner of designation shall be made.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection, including via production of a database or large collection of preexisting documents, need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY—TECHNICAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for which protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

<u>for testimony given in pretrial or trial proceedings in Court</u>, that the Party or non-party offering or sponsoring the testimony identify on the record at the hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21074694.9                      5                  [PROPOSED] STIPULATED PROTECTIVE
                                                       ORDER, CASE NO. C 08-05682 MMC

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY—TECHNICAL." When it is impractical to
2  identify separately each portion of testimony that is entitled to which protection, and when it
3  appears that substantial portions of the testimony may qualify for protection, the Party or non-
4  party that sponsors, offers, or gives the testimony may invoke on the record (before the
5  proceeding is concluded) a right to have up to 20 days after receipt of the proceeding transcript to
6  identify the specific portions of the testimony as to which protection is sought. Only those
7  portions of the testimony that are appropriately designated for protection within the 20 days after
8  receipt of the proceeding transcript shall be covered by the provisions of this Stipulated Protective
9  Order.

10            <u>for testimony given in deposition</u>, that the Party or non-party offering or
11  sponsoring the testimony identify, within 20 days after receipt of the deposition transcript, all
12  protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY
13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –
14  ATTORNEYS' EYES ONLY—TECHNICAL." Only those portions of the testimony that are
15  appropriately designated for protection within the 20 days after receipt of the deposition transcript
16  shall be covered by the provisions of this Stipulated Protective Order. Transcript pages
17  containing Protected Material must be separately bound by the court reporter, who must affix on
18  each such page the appropriate legend, as instructed by the Party or nonparty offering or
19  sponsoring the witness or presenting the testimony.

20            <u>for information produced in some form other than documentary, and for
21  any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
22  container or containers in which the information or item is stored the appropriate legend. If only
23  portions of the information or item warrant protection, the Producing Party, to the extent
24  practicable, shall identify the protected portions.

25            <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to
26  designate qualified information or items as "Highly Confidential – Attorneys' Eyes Only" or
27  "Highly Confidential – Attorneys' Eyes Only -- Technical" does not, standing alone, waive the
28  Designating Party's right to secure protection under this Order for such material. If material is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21074694.9                                6                [PROPOSED] STIPULATED PROTECTIVE
                                                                ORDER, CASE NO. C 08-05682 MMC

1   appropriately designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly

2   Confidential – Attorneys' Eyes Only -- Technical" after the material was initially produced, the

3   Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

4   that the material is treated in accordance with the provisions of this Order.

5                    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6          <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's

7   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

8   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

9   waive its right to challenge a confidentiality designation by electing not to mount a challenge

10  promptly after the original designation is disclosed.

11         <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating

12  Party's confidentiality designation must do so in good faith and must begin the process by

13  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

14  with counsel for the Designating Party. In conferring, the challenging Party must explain the basis

15  for its belief that the confidentiality designation was not proper and must give the Designating

16  Party an opportunity to review the designated material, to reconsider the circumstances, and, if no

17  change in designation is offered, to explain the basis for the chosen designation.  A challenging

18  Party may proceed to the next stage of the challenge process only if it has engaged in this meet

19  and confer process first.

20         <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality

21  designation after considering the justification offered by the Designating Party may file and serve

22  a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

23  that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

24  such motion must be accompanied by a competent declaration that affirms that the movant has

25  complied with the meet and confer requirements imposed in the preceding paragraph and that sets

26  forth with specificity the justification for the confidentiality designation that was given by the

27  Designating Party in the meet and confer dialogue.

28         The burden of persuasion in any such challenge proceeding shall be on the Designating

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21074694.9                                    7                [PROPOSED] STIPULATED PROTECTIVE
                                                                    ORDER, CASE NO. C 08-05682 MMC

Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

<u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

<u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

the Court and its personnel;

court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

during their depositions, (1) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), or (2) any document generated during the period of a witness' employment by the company employing the witness during that time. Pages of transcribed deposition testimony or

exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

  each person the document or information identifies as an author, source or recipient of such document or information;

  each person that evidence demonstrates to have already viewed the information or document or been told of its content, and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that the party desiring such disclosure first provide five (5) calendar days advanced written notice to the Designating Party of the planned disclosure describing precisely what is to be disclosed, to whom it will be disclosed, and the evidentiary basis for believing the document or information has already been disclosed to such person. Should the Designating Party object to such disclosure within the five (5) calendar days, disclosure shall not be made under this provision; and

  two (2) identified In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

  <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL only to:

  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  the Court and its personnel;

  court reporters, their staffs, and professional vendors to whom disclosure is

1  reasonably necessary for this litigation;

2  during their depositions, (1) witnesses in the action to whom disclosure is
3  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
4  (Exhibit A), or (2) any document generated during the period of a witness' employment by the
5  company employing the witness during that time.  Pages of transcribed deposition testimony or
6  exhibits to depositions that reveal Protected Material must be separately bound by the court
7  reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective
8  Order;

9  each person the document or information identifies as an author, source or
10  recipient of such document or information; and

11  each person that evidence demonstrates to have already viewed the information or
12  document or been told of its content, and who has signed the "Agreement to Be Bound by
13  Protective Order" (Exhibit A), provided that the party desiring such disclosure first provide five
14  (5) calendar days advanced written notice to the Designating Party of the planned disclosure
15  describing precisely what is to be disclosed, to whom it will be disclosed, and the evidentiary
16  basis for believing the document or information has already been disclosed to such person.
17  Should the Designating Party object to such disclosure within the five (5) calendar days,
18  disclosure shall not be made under this provision.

19  <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'
20  EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY –
21  TECHNICAL" Information or Items to "Experts."</u>

22  Unless otherwise ordered by the court or agreed in writing by the Designating
23  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item
24  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or
25  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL" first must make a
26  written request to the Designating Party that (1) sets forth the full name of the Expert and the city
27  and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and
28  (3) identifies the Expert's current employer(s).

A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.   In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

<u>FILING PROTECTED MATERIAL</u>

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

<u>INADVERTENT PRODUCTION OF PRIVILEGED DISCOVERY MATERIAL</u>

Pursuant to Federal Rule of Evidence 502, subsections (d) and (e), disclosure of Discovery Material shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from production (a "Privilege"). Only the affirmative

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/21074694.9

12

[PROPOSED] STIPULATED PROTECTIVE
ORDER, CASE NO. C 08-05682 MMC

1   use of such Discovery Material by the Producing Party in preparation of a testifying expert, in

2   deposition, briefing, hearing, or trial shall constitute waiver of such Privilege.  For example,

3   production of a large database that may contain privileged Discovery Material does not constitute

4   a waiver, regardless of the type of review done on the database before production, and regardless

5   of any delay in identifying such privileged Discovery Material.

6        If a Designating Party identifies Discovery Material for which it intends to assert a

7   Privilege, the Receiving Party shall as soon as possible and in no event later than five (5) business

8   days after written notification from the Designating Party destroy or return to the Designating

9   Party the Discovery Material and all copies thereof received, made or disseminated to anyone by

10  the Receiving Party, and cease all use of the Discovery Material.  The Receiving Party shall

11  provide notification to the Designating Party of compliance with this obligation as soon as

12  possible and in no event later than five (5) business days after written notification.  No further

13  discovery regarding the Discovery Material asserted to be immune from discovery shall be

14  conducted except upon motion to and order by the Court concluding that Privilege does not exist.

15  Neither the disclosure of the Discovery Material, nor the delay in asserting a Privilege based upon

16  the Discovery Material, shall be a basis for arguing or concluding that the Privilege does not exist

17  or has been waived.

18       FINAL DISPOSITION

19       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

20  after the final termination of this action, each Receiving Party must destroy or return all Protected

21  Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

22  copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

23  the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving

24  Party must submit a written certification to the Producing Party (and, if not the same person or

25  entity, to the Designating Party) by the sixty day deadline that identifies (by category, where

26  appropriate) all the Protected Material that was returned or destroyed and that affirms that the

27  Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of

28  reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth under the heading DURATION, above.

MISCELLANEOUS

<u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Parties may by stipulation provide for exceptions to this Order, provided that such stipulation is presented to the Court as a Consent Order, and any Party may seek an order of this Court modifying or interpreting this Order.

<u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

<u>Enforcement</u>. In the event anyone shall violate or threaten to violate the terms of this Order, subject to meet and confer obligations in the Court's Local Rules, the aggrieved party may apply to obtain injunctive relief against any such person, and in such event, the respondent, subject to the terms of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over the Order and the parties for the purpose of enforcing the Order.

<u>No Waiver</u>. Nothing in this Order, or the taking of any action in accordance with the provisions of this Order, or the failure to object thereto, shall be construed as a waiver or admission of any claim or defense in the Action. The failure to object to a designation shall not constitute an admission by the Receiving Party that the designated information is in fact trade secret or proprietary information. This Order shall not in any way limit what a party may do or

disclose with its own documents or information.  Nothing in this Order shall be deemed to preclude a party from seeking and obtaining, on an appropriate showing, different or additional protections or relief regarding matter designated as containing "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – TECHNICAL" information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 14, 2009        MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Brett M. Schuman
Brett M. Schuman
Attorneys for Plaintiff and Counterclaim-Defendant NXP SEMICONDUCTORS USA, INC.

Dated: August 14, 2009        IRELL & MANELLA LLP

By: /s/ C. Maclain Wells
C. Maclain Wells
Attorneys for Defendants and Counterclaimants LSI CORPORATION and AGERE SYSTEMS, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED

Date: August 18, 2009

Hon. Maxine M. Chesney
United States District Judge